UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Subpoena to:<br><br>Reddit, Inc. | Case No.: |

**DECLARATION OF KERRY S. CULPEPPER**

KERRY S. CULPEPPER, hereby declares under penalty of law that the following is true and correct:

1.  I am an attorney and represent the Claimants Voltage Holdings, LLC; Backmask, LLC; Union Patriot Capital Management, LLC; Venice PI, LLC; Bedeviled, LLC; MON, LLC; Colossal Movie Productions, LLC; WWE Studios Finance Corp; TBV Productions, LLC; Definition Delaware LLC; I Am Wrath Productions, Inc.; Hannibal Classics Inc.; Justice Everywhere Productions LLC; Badhouse Studios, LLC; After Productions, LLC; Rise Up, LLC; Status Update LLC; Morgan Creek Productions, Inc.; Shock and Awe, LLC; Fun Mom Dinner, LLC; Dead Trigger Movie, LLC; YAR Productions, Inc.; Gunfighter Productions, LLC; Ace in the Hole Productions, LP; SF Film, LLC; The Rest of Us, Inc.; Killing Link Distribution, LLC; Cell Film Holdings, LLC; Dallas Buyers Club, LLC; Screen Media Ventures, LLC; Rambo V Productions, Inc.; Millennium Funding, Inc.; Millennium IP, Inc.; LHF Productions, Inc.; UN4 Productions, Inc.; Millennium Media, Inc.; Bodyguard Productions, Inc.; Hunter Killer Productions, Inc.; Fallen Productions, Inc.; HB Productions, Inc.; Laundry Productions, Inc.; Black Butterfly Film, LLC; AMBI Distribution Corp.; Dubious Productions, Inc.; Rupture CAL, Inc.; Future World One, LLC; Groove Tails Productions, LLC; Family of the Year Productions, LLC; Outpost Productions, Inc.; Nikola Productions, Inc.; Eve Nevada, LLC; After II Movie, LLC;  and Wonder One, LLC

(collectively, the "Movie Company Claimants") in the originating case *In re: Frontier Commc'ns Corp.*, Case No. 20-22476-MG (Bankr. S.D.N.Y.) ("*Frontier*").

2. I have personal knowledge of the matters stated herein, and this declaration is given in support of Movie Company Claimants' MOTION TO COMPEL NON-PARTY REDDIT TO RESPOND TO SUBPOENA AND FOR EXPEDITED BRIEFING SCHEDULE filed herewith.

3. I am authorized to practice law in Hawaii, District of Columbia, Virginia, and the District of Colorado.

4. The originating case *Frontier* is a contested proceeding over proofs of claims filed in a Chapter 11 case Frontier Communications Corporation in the Bankruptcy Court of the Southern District of New York alleging secondary liability for copyright infringement and violations of the integrity of copyright management information in the Claimants' copyright protected motion pictures.

5. Movie Company Claimants in the originating case are the owners of exclusive rights to the copyrights to motion pictures ("Works").

6. Debtor Frontier Communications Corporation ("Frontier") is an Internet service provider ("ISP") that operates in 25 states, including Alabama, Arizona, California, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Utah, West Virginia, and Wisconsin.

7. Between June 8, 2020 and Sept. 28, 2020, Movie Company Claimants filed pre-petition claims based upon secondary liability for copyright infringement and violations of the integrity of the copyright management information conveyed with file titles of their movies per 17 U.S.C. §1202 ("DMCA violations").

8. On May 17, 2021, Frontier filed an omnibus objection to pre-petition claims of different (record company) claimants that also made claims based upon secondary liability for copyright infringement and a proposed order. Particularly, Frontier argued: (a) record company claimants could not establish any direct or actual copyright infringement of Frontier customers; (b) any direct infringement was *de minimus*; (c) Frontier had no obligation to act on notices or terminate customers; (d) 17 U.S.C. §512(a) provides it a safe harbor; (e) Frontier acted in good faith; and (f) the record company claimants suffered no damages.

9. On May 25, 2021, Frontier filed a notice of revised order that included the Movie Claimants' claims.

10. Between May 28 and June 1, 2021, Movie Company Claimants filed administrative claims based upon secondary liability for copyright infringement and DMCA violations.

11. On June 7, 2021, Movie Company Claimants filed a Response to Frontier's objection disputing Frontier's assertions and particularly asserting that Frontier failed to qualify for the §512(a) safe harbor from copyright infringement monetary damages and that the §512 safe harbors do not apply to DMCA violations provided by §1202.

12. The matter was effectively stayed for more than two years until the District Court decided Movie Company Claimants' motion to withdraw the reference.

13. On Nov. 21, 2023, the Court held a case management conference and declared the matter a contested proceeding for which all part VII rules would apply. *See In re Frontier Commc'ns Corp.*, No. 20-22476 (MG), 2023 Bankr. LEXIS 2858, at *4 (Bankr. S.D.N.Y. Dec. 1, 2023).

14. On Nov. 22, 2023, Movie Company Claimants served a First Request for Production of Documents Nos. 1-96 ("1RPOD") on Frontier requesting customer identification information for a limited number of the pirating IP addresses.

15. On Dec. 1, 2023, the Court issued an opinion stating, "The Court finds that Movie Company Claimants are entitled to the information sought by the CCPA Subpoenas. The Court will authorize Frontier, through an order substantially in the form of the Proposed Cable Act Order, to release such information." *Id.* The Court stated that "it would permit the issuance of subpoenas for Subscriber [personal identification information] that reach back six months before the limitations periods expired: October 14, 2016." *Id.*

16. Notably, the Court stated, "Movie Company Claimants' interest in obtaining Subscriber [personal identification information] relevant to their infringement claims outweighs the Subscribers' privacy interest." *Id.*

17. On Dec. 13, 2023, the Court entered a Rule 26(f) discovery plan that set a fact discovery cut-off of six months from entry (June 13, 2024).

18. On Dec. 17, 2023, I had served a subpoena to Reddit requesting "IP address log information from 1/1/2017 to present for users: "Gibson125T"; "Sankerin"; "Old_Package540", "Arceist_Justin"; "ZeroHart"; "Cyb3rR3b0rn"". I have attached a true and accurate copy of the subpoena as Exhibit "1". I noticed the subpoena to Frontier prior to service.

19. On Jan. 2, 204, Reddit's counsel served objections to the subpoena. I have attached a true and accurate copy of Reddit's objections as Exhibit "2".

20. On Jan. 3, 2024, Frontier served a response to 1RPOD stating that it would not produce customer identification information in response.

21. On Jan. 3, 2024, Reddit's counsel and I conferred on Reddit's objections by video and later by follow up emails. We were not able to resolve Reddit's objections or otherwise come to a resolution of this dispute.

DATED: Kailua-Kona, Hawaii, Jan. 9, 2024.

CULPEPPER IP, LLLC

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

5