# Exhibit "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FRONTIER COMMUNICATIONS CORPORATION, *et al.*,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 20-22476 (MG)<br><br>(Jointly Administered) |

**ORDER (1) GRANTING FRONTIER AUTHORIZATION TO DISCLOSE PERSONALLY IDENTIFIABLE INFORMATION OF SUBSCRIBERS PURSUANT TO THE CABLE ACT AND (2) RESOLVING DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION 78 THROUGH 85**

On January 17, 2024 the Court held a discovery conference between the reorganized debtors Frontier Communications Corporation, *et al.* ("Frontier" or "Debtors") and the Movie Company Claimants,[1] regarding Frontier's authorization to disclose certain information pursuant to 47 U.S.C. § 551 (the "Cable Act"). The Court directed parties to submit proposed Cable Act orders, which they did ("Frontier Proposed Order," ECF Doc. # 2259-2; "Movie Claimants Proposed Order," ECF Doc. # 2260-2).

On January 22, the Movie Company Claimants requested a second discovery conference,

---

[1] The Movie Company Claimants are: Voltage Holdings, LLC; Backmask, LLC; Union Patriot Capital Management, LLC; Venice PI, LLC; Bedeviled, LLC; MON, LLC; Colossal Movie Productions, LLC; TBV Productions, LLC; Definition Delaware LLC; I Am Wrath Productions, Inc.; Hannibal Classics Inc.; Justice Everywhere Productions LLC; Badhouse Studios, LLC; After Productions, LLC; Rise Up, LLC; Status Update LLC; Morgan Creek Productions, Inc.; Shock and Awe, LLC; Fun Mom Dinner, LLC; Dead Trigger Movie, LLC; YAR Productions, Inc.; Gunfighter Productions, LLC; Ace in the Hole Productions, LP; SF Film, LLC; The Rest of Us, Inc.; Killing Link Distribution, LLC; Cell Film Holdings, LLC; Dallas Buyers Club, LLC; Screen Media Ventures, LLC; Rambo V Productions, Inc.; Millennium Funding, Inc.; Millennium IP, Inc.; LHF Productions, Inc.; UN4 Productions, Inc.; Millennium Media, Inc.; Bodyguard Productions, Inc.; Hunter Killer Productions, Inc.; Fallen Productions, Inc.; HB Productions, Inc.; Laundry Productions, Inc.; Black Butterfly Film, LLC; AMBI Distribution Corp.; Dubious Productions, Inc.; Rupture CAL, Inc.; Future World One, LLC; Groove Tails Productions, LLC; Family of the Year Productions, LLC; Eve Nevada, LLC; After II Movie, LLC; and Wonder One, LLC

regarding requests for production ## 78–85 (the "RFPs"), pertaining to Frontier's technical ability to control and monitor its subscribers' conduct ("RFP Letter," ECF Doc. # 2257).  Frontier responded to the RFP Letter ("Frontier RFP Response," ECF Doc. # 2261).

This Order resolves both disputes.

### A. Cable Act Order

The Movie Company Claimants sought an order authorizing Frontier to disclose certain subscriber information related to Internet Protocol ("IP") addresses that Movie Company Claimants allege are connected with infringement of Movie Company Claimants' copyright-protected motion pictures (the "Works"), subject to any objections from the affected subscribers, while preserving the objectors' anonymity.  Frontier has objected to entry of such order, arguing that the Cable Act has no application to the circumstances in this case.  Debtors' objections are **OVERRULED**.  For GOOD CAUSE having been shown, it is hereby **ORDERED** as follows:

1. Pursuant to the Cable Act, 47 U.S.C. § 551(c)(2)(B), the Court authorizes Debtors to disclose the names, physical addresses and e-mail addresses (collectively, "Personal Information") of the individuals or entities to whom Frontier assigned certain IP addresses identified by Movie Company Claimants, regardless of whether such individuals or entities are current subscribers of Frontier, provided that they were subscribers of Frontier on or after October 14, 2016 ("Subscribers").

2. As the IP addresses of Frontier's Subscribers are not static—that is, they change from time to time—and in order for Debtors to be able to determine the identities of Subscribers, Movie Company Claimants shall identify the date and time of the notices of alleged infringement sent to Frontier in connection with each IP address.

3. Prior to any such disclosure, Debtors shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Subscribers so that they have an opportunity to object to the disclosure of their Personal Information.

4. Upon entry of this Order, Movie Company Claimants may serve Debtors with discovery requests seeking Personal Information (name, physical address, e-mail address, and lease log identifying time frame IP address was assigned to Subscriber) corresponding to up to 1000 IP addresses where *one or more* of Movie Company Claimants' Works identified in their proofs of claim are alleged to have be infringed. Movie Company Claimants may seek Personal Information corresponding to additional IP addresses only with a Court order authorizing disclosure of additional IP addresses. For the avoidance of doubt, Debtors must respond to the discovery requests seeking Personal Information that Movie Company Claimants previously served on January 17, 2024 consistent with this Order.

5. Unless otherwise agreed by the parties, Debtors shall have 7 days from service of a discovery request seeking such Personal Information to begin notifying affected Subscribers by providing a copy of this Order. Unless otherwise agreed by the parties, Debtors shall issue all such notifications to affected Subscribers within 23 days of service of the discovery request. Debtors may serve such Subscribers by any reasonable means, including written notice sent to the Subscriber's last known address via first class mail or via e-mail.

6. The Subscribers shall have 21 days from their receipt of the notice and this Order to file an objection, motion to quash, or protective order, etc. (an "Objection") to the disclosure of their Personal Information. After the 21-day period lapses, Debtors shall have 14 days to produce the information responsive to the discovery request for all Subscribers that have not filed

Objections. Debtors shall preserve all information pending the delivery of such information to the Movie Company Claimants or the resolution of a timely filed and granted motion pertaining to the discovery request with respect to such i nformation.

### B. Frontier's Objection to the RFPs are OVERRULED

The RFPs at issue pertain to Frontier's "technical ability to control and monitor its subscribers' conduct, Frontier's ability to take simple measures to prevent infringement and whether Frontier stores copies of subscribers' data communications including the infringing material on its network." (RFP Letter at 1.) Frontier responds that these documents are "unrelated to copyright infringement." (RFP Response at 1.) However, this information is directly relevant as to whether Frontier could potentially avail itself of the safe harbor for contributory or vicarious copyright infringement provided by 17 U.S.C. 512(a), which shields the the provider from liability *if*:

> (1) the transmission of the material was initiated by or at the direction of a person other than the service provider;
>
> (2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;
>
> (3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;
>
> (4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and
>
> (5) the material is transmitted through the system or network without modification of its content.

17 U.S.C. 512(a).

The RFPs are proper, and Frontier's objection to them **OVERRULED**. Frontier is **ORDERED** to produce documents responsive to the RFPs.

**IT IS SO ORDERED**.

Dated: January 25, 2024
        New York, New York

                               /s/ Martin Glenn
                               MARTIN GLENN
                       Chief United States Bankruptcy Judge