

**User Name:** Kerry Culpepper
**Date and Time:** Sunday, February 18, 2024 12:16:00PM HST
**Job Number:** 217359039

## Document (1)

1. *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., 2010 U.S. Dist. LEXIS 71061*
   **Client/Matter:** -None-
   **Search Terms:** Rule 45 subpoena to expert
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | Content Type: In Plan; Court: Federal > 2nd Circuit |

Neutral
As of: February 18, 2024 10:16 PM Z

# *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*

United States District Court for the Eastern District of New York

April 23, 2010, Decided; April 26, 2010, Filed

08-MC-347(ARR)(MDG)

**Reporter**
2010 U.S. Dist. LEXIS 71061 *; 38 Media L. Rep. 1950

IN RE RULE 45 SUBPOENA ISSUED TO CABLEVISION SYSTEMS CORPORATION REGARDING IP ADDRESS 69.120.35.31

**Prior History:** *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., 2010 U.S. Dist. LEXIS 40653 (E.D.N.Y., Feb. 5, 2010)*

## Core Terms

subpoena, Recommendation, anonymously, magistrate judge, Internet, motion to quash, User, sanctions, clicked, Reply

## Case Summary

**Procedural Posture**
Before the court were the objections filed by petitioner creditor to the report and recommendation of a magistrate judge in the proceeding wherein the creditor issued a subpoena to respondent, an internet service provider, which sought the identity of an internet user, referred to as John Doe. The report, inter alia, granted John Doe's motion to quash the subpoena.

**Overview**
The creditor was involved in a bankruptcy proceeding. The subpoena issued sought the name and address of an internet user, John Doe, who had anonymously posted information about the creditor on the Internet. The magistrate judge determined that John Doe had standing to quash the subpoena issued, that the motion to quash should be granted based on John Doe's *First Amendment*, *U.S. Const. amend. I*, rights to anonymous speech, that John Doe be allowed to proceed under the pseudonym for the purpose of resolving the motions to quash and for sanctions, and that John Doe be granted sanctions of $ 2,000 in fees and expenses. The court agreed with the magistrate judge's decision granting John Doe's motion to quash as anonymous Internet speech was protected by the *First Amendment*. The court also found no factual or legal error with regard to the magistrate judge's recommendation allowing John Doe to proceed anonymously in the action. The court did find that the issue of sanctions had to be referred to the magistrate judge's attention again since the creditor filed a declaration that it had no knowledge that a particular user name was connected to John Doe.

**Outcome**
The court denied the creditor's objections and adopted the report and recommendation, thus, granting John Doe's motion to quash the subpoena issued to the Internet service provider. The court referred John Doe's motion for sanctions back to the magistrate judge.

## LexisNexis® Headnotes

Civil Procedure > Judicial Officers > Magistrates > Duties & Powers

Civil Procedure > Judicial Officers > Magistrates > Objections

Civil Procedure > Judicial Officers > Magistrates > Standards of Review

### *HN1*[ ] **Magistrates, Duties & Powers**

Under *28 U.S.C.S. § 636(b)(1)*, if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must make a de novo determination of those portions of the report or recommendations to which objection is made. Upon de novo review, the district court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.

Computer & Internet Law > Content Regulation > First Amendment Protections

Constitutional Law > ... > Fundamental Freedoms > Freedom of Speech > Scope

HN2[ ] **Content Regulation, First Amendment Protections**

An attempt to traffic in insider information is not protected speech. The free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously. If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, that would have a significant chilling effect on Internet communications and thus on basic *First Amendment*, *U.S. Const. amend. I*, rights.

**Counsel:** [*1] For John Doe: Lacy H. Koonce, Esq., Davis, Wright & Tremaine, New York, NY.

For Prospect Capital Corporation: Christopher P. Schueller, Esq., Buchanan Ingersoll & Rooney PC, Pittsburgh, PA.

**Judges:** Allyne R. Ross, United States District Judge.

**Opinion by:** Allyne R. Ross

## Opinion

*OPINION AND ORDER*

ROSS, United States District Judge:

This matter concerns a subpoena issued by Prospect Capital Corporation ("Prospect"), a creditor involved in a bankruptcy proceeding commenced by ESA Environmental Specialists, Inc. ("ESA"), in the Western District of North Carolina. On June 6, 2008, Prospect issued the subpoena to Cablevision Systems Corporation ("Cablevision"), an internet service provider, seeking "the name and address of the Optonline User for March 14, 2008 at 11:50 AM." The subpoena defined "Optonline User" as "any person … who … has the IP Address 69.120.35.31 and who used Optonline.net as an internet service provider." On July 1, 2008, the "Optonline User" whose personal information was the subject of the subpoena, proceeding anonymously as John Doe, filed three motions: (1) motion to quash the subpoena issued to Cablevision, (2) motion for attorneys' fees under *Rule 45(c)(1) of the Federal Rules of Civil Procedure*, [*2] and *(3)* motion for leave to proceed anonymously in this action. The court referred the motions to Magistrate Judge Marilyn D. Go for a report and recommendation. On the basis of detailed memoranda of law, affidavits, and exhibits from Prospect and Doe, Magistrate Judge Go issued a *Report and Recommendation* (the "Report") on February 5, 2010. The Report recommended that 1) Doe has standing to quash the subpoena issued to Cablevision; 2) "unusual circumstances" and "good cause" warrant consideration of the motion to quash even though Doe did not object to the subpoena by June 13, 2008, the date on which Cablevision was directed by the subpoena to produce the requested information; 3) Doe's motion to quash the subpoena based on his *First Amendment* rights to anonymous speech be granted; 4) Doe be allowed to proceed under a pseudonym for the purpose of resolving the motions to quash and for sanctions; and 5) Doe be granted sanctions consisting of a minimum of $ 2,000 in fees and expenses for the work expended in this case and inviting Doe to "submit counsel's time records and other documentation and information concerning work performed and billing rates" if Doe seeks the award of additional [*3] sanctions. Prospect filed timely objections to each finding and recommendation in the Report. In response, Doe filed a memorandum in opposition to Prospect's objections as well as a request for additional attorney's fees with supporting documentation. Following a de novo review of the Report, this court adopts the Report's recommendations on both the motion to quash and the motion to proceed anonymously as the Decision and Order of this Court. However, this court refers the motion for attorneys' fees under *Rule 45(c)(1)* back to Magistrate Judge Go for further proceedings.

**BACKGROUND**

The court assumes familiarity with the facts included in the Magistrate's Report, *see* Report & Recommendation pp. 1 -9, and now only supplements the record with additional facts necessary for consideration of this decision.

Since the instant motion to quash was filed, a Stipulated Order between the Chapter 7 trustee and Prospect has

been entered by the Bankruptcy Court but has not yet become effective. The Stipulated Order, entered on July 10, 2009, releases Prospect from lender liability claims, unless the Chapter 7 trustee commences an adversary proceeding against Prospect within ninety days after Prospect **[*4]** provides the trustee with access to all of its books and records. [1] The Stipulated Order has not yet become effective because, by its terms, it orders the trustee to serve a copy of the order on all parties in interest, along with an opportunity to object and seek a hearing and "in the event that any party in interest files an objection or request for hearing within ten (10) days after the date of such notice, the Court will conduct a further hearing on these issues and may thereafter issue an order which modifies, amends, supplements or otherwise displaces this order." *In re ESA Environmental Specialists, Inc.*, No. 07-31532 (W.D. N.C. July 10, 2009), Stipulation Between Chapter 7 Trustee and Prospect Capital Corporation and Order Approving Stipulation. Multiple parties objected to the Stipulated Order. The requested hearing has not yet taken place. Prospect has repeatedly adjourned the hearing in hopes that this matter involving the Cablevision subpoena will be resolved in its favor and it can attend the hearing knowing the identity of John Doe. Prospect maintains that the identity of John Doe continues to be of vital importance to its litigation interests in the pending bankruptcy **[*5]** case.

In addition, in its submissions in opposition to the Report, Prospect clarified that it was not aware that John Doe in this proceeding was "free3warren" on the Yahoo! Message boards until Doe admitted this fact in his reply papers in this proceeding. (Schueller Reply Decl. P 11.) Prospect states that when John Doe clicked on the link established by the "agent of Prospect," who used the alias "citykidd," the only information transmitted through that link was an internet protocol ("IP") address [2], unconnected to any user name. (Schueller Reply Decl. P 10.) Prospect states that it "had no idea that the IP address [communicated to the agent of Prospect] was connected to free3warren or any other user name." (Schueller Reply Decl. P 10.) [3]

## DISCUSSION

---

[1] Specifically, the "Release of Prospect" clause in the Stipulated Order provides:

> Prospect shall immediately provide to the Trustee access to all of the Debtor's books and records under its control. Unless, within ninety days after Prospect provides access to all of the books and records of the Debtor under its control to the Trustee (the "Inspection Period"), the Trustee commences an adversary proceeding (or other appropriate proceeding) to contest the validity, priority, and/or enforceability of the security interest of Prospect, such security interest shall be deemed, for all purposes, to be valid, properly perfected, and unavoidable; and, unless, within the Inspection Period, the Trustee commences an adversary proceeding (or other appropriate proceeding) to assert any claims or causes of action which may be asserted by the Debtor's bankruptcy estate against Prospect, such claims and causes of action shall be fully and forever waived. Nothing contained in this paragraph shall be deemed or construed as Prospect's acquiescence in, or consent to, the Trustee initiating any action against Prospect which the Trustee may otherwise be barred from commencing; nor does Prospect waive **[*6]** any defenses it may have with respect to any action that the Trustee initiates pursuant to this paragraph.

*In re ESA Environmental Specialists, Inc.*, No. 07-31532 (W.D. N.C. July 10, 2009), Stipulation Between Chapter 7 Trustee and Prospect Capital Corporation and Order Approving Stipulation, P 10.

[2] An internet protocol address is a numerical identifier assigned to an internet subscriber by that subscriber's internet service provider. *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc., No. C03-3560 SI, 2003 U.S. Dist. LEXIS 21659, 2003 WL 22862662, at *2 n.3 (N.D. Cal. Nov. 26, 2003)* **[*7]** .

[3] It is prudent for the court to note that if citykidd, the agent of Prospect, only e-mailed the user free3warren with the link relaying IP addresses, then Prospect would have known that the IP address conveyed to the agent when the link was clicked on belonged to free3warren. The record indicates that on March 13, 2008, citykidd posted a message on the Yahoo! Message Board for Prospect Capital Corporation, addressed to the attention of the users Seriousone, Wiseone, Ephfields, Retired, and Warren, detailing that he had information about Prospect and its lender Rabobank that he would e-mail to the "select group" instead of posting on the board. (Prospect Mem. Opp. Mot. Ex. T.) The following day, citykidd posted a message on the Yahoo! Message Board stating: "I have already e-mailed a few of you at your Yahoo e-mails and I trust you will find what I have sent to be far more valuable than a loan breakdown." (*Id.*) According to Prospect, three minutes after citykidd posted this message, "someone from IP address 69.120.35.31 clicked on citykidd's Yahoo e-mail address to view **[*8]** the e-mail and attachment from citykidd. This click relayed the IP address to Prospect's agent." (Becker Aff. P 4.) Prospect has not clarified whether its agent sent the e-mail to several of the message board posters or only to free3warren.

A. *Standard of Review*

HN1[↑] Under *28 U.S.C. § 636(b)(1)*, if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." *Id.* Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In accordance with the dictates of *28 U.S.C. § 636(b)(1)*, this court has conducted a de novo review of the Report in its entirety, considering each of Prospect's objections.

B. *Prospect Capital Corporation's Objections*

1. *Motion to Quash the Subpoena*

Prospect argues that Magistrate Judge Go erred with respect to her findings that Doe has standing to quash the subpoena, that "unusual circumstances" and "good cause" warranted consideration of the motion, and [*9] that the motion should be granted to protect Doe's *First Amendment* rights to anonymous speech. The court has thoroughly reviewed Magistrate Judge Go's Report as well as Prospect's objections and finds no legal or factual error in these sections of the Report.

In particular, I emphasize that for the reasons described in the Report, the speech at issue was not commercial speech, but rather purely expressive speech entitled to heightened *First Amendment* protection. *See* Report & Recommendation pp. 19-21; *see also* *Best Western Int'l v. Doe, No. CV-06-1537-PHX-DGC, 2006 U.S. Dist. LEXIS 56014, 2006 WL 2091695, *4 (D. Ariz. July 25, 2006)*; *Doe v. 2TheMart.com. Inc., 140 F. Supp. 2d 1088, 1093-95 (W.D. Wash. 2001)*. Prospect includes in its objection the argument that "John Doe's act of clicking on a link to obtain insider and proprietary information receives no protection under the *First Amendment*. HN2[↑] An attempt to traffic in insider information is not protected speech." Prospect Mem. Opp. R&R at 25. Although the subpoena at issue seeks the personal information corresponding to an IP address that was identified when Doe merely clicked on a link in the e-mail sent to Doe by the agent of Prospect, the court finds that the speech [*10] at issue in this case is Doe's anonymous postings on the Yahoo! Message Board. Seeking the identity of anonymous posters on a message board devoted to discussions about Prospect, Prospect's agent targeted specific posters by sending them an e-mail with an internet link which, when clicked on, would relay the IP address of the computer that had accessed it. Prospect's ultimate goal, therefore, was to learn the identities of the anonymous message board posters who were speaking anonymously on the Internet. "The free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously. If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic *First Amendment* rights." *Doe v. 2themart.com, Inc., 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001)*. The effect of the subpoena in the instant case would be to chill Internet communications, rather than to chill the clicking of hyperlinks in e-mails.

Accordingly, Prospect's objections are denied and the court will adopt the Report and Recommendation [*11] on the motion to quash as the opinion of the court.

2. *Motion to Proceed Anonymously*

Prospect objects to Magistrate Judge Go's recommendation that Doe be allowed to proceed anonymously in this action. The court has thoroughly reviewed the Report as well as Prospect's objections on this motion and finds no legal or factual error in this section of the Report. Accordingly, Prospect's objection is denied and the court adopts the Report and Recommendation on the motion to proceed anonymously.

3. *Motion for Sanctions*

Prospect also objects to Magistrate Judge Go's recommendation to sanction Prospect and grant Doe a minimum of $ 2,000 in fees and expenses for the work expended in this case as well as additional costs warranted following a subsequent application to the court. Implicit in the Report's finding that Prospect failed to take reasonable steps to avoid imposing undue burden or expense on Doe is Magistrate Judge Go's understanding that Prospect knew that Doe was the person who had posted as free3warren, and who had previously challenged the subpoena to Yahoo! in the Northern District of California. *See* Report & Recommendation p. 26. Prospect's submissions in objection to the Report included [*12] a declaration of Prospect's attorney stating that Prospect "had no idea that the IP address [that is the subject of this subpoena] was connected to free3warren or any other user name." (Schueller Reply Decl. P 10.) Prospect should have submitted this declaration to the court with its previous submissions. In light of this new submission, and Doe's application for additional attorney's fees, the motion for

sanctions is referred back to Magistrate Judge Go for further proceedings.

**CONCLUSION**

For the reasons set forth above, John Doe's motion to quash the subpoena issued to Cablevision is granted, as is John Doe's motion to remain anonymous for purposes of this action. John Doe's motion for sanctions is referred back to Judge Go.

SO ORDERED.

/s/ ARR

Allyne R. Ross

United States District Judge

Dated: April 23, 2010

Brooklyn, New York

---

**End of Document**